Grover, J.
The only appeal taken from the judgment is by th§ plaintiff from that part declaring the legacies given by the .fourth clause of the will absolute, unaccompanied by any suspension of ownership. This is the only question before the court. The testator, upon the judgment as given by the first clause, directs his executors to sell all his real and personal estate. This was an equitable conversion of the real into personal, and the entire estate must be regarded as personal. By the second clause he gave the plaintiff, his wife, an annuity of $175, payable yearly out of the rents and income of his estate, so long as she remained his widow, provided she received and accepted that sum in lieu of dower. The beneficiaries of the trust, specified in the third clause of the will, died in the lifetime of the testator. The legacy therein given lapsed. This clause has no longer any bearing upon the question presented by this appeal.' The fourth clause, the one in question, is as follows: “ Fourth. I direct that all the balance of the rents and income from my estate be equally divided, share and share alike, among my four sisters,” naming them, “ and my two brothers,” naming them. This is a gift to each brother and sister, either of the income arising from one-sixth of this residue for life, or a gift of one-sixth of the *362 estate itself. In either case the legacy is valid. If the former be the true construction of the will, each of the legatees took the income of one-sixth for life only, and the corpus of the estate, after the death of each legatee, not having been -disposed of, the testator, as to this, died intestate, and it would be disposed of under the statute of distributions in like manner as any other personal estate undisposed of by the will. The absolute ownership was not suspended. The right to the income for their respective lives was in the legatees, and the right to the corpus, subject to this right of the legatees, was in the next of kin, and these two classes together were absolute owners of the property. But it was an absolute gift of one-sixth of this remainder to each legatee. A general gift of the income, arising from personal property, making no mention of the principal, is equivalent to a general gift of the property itself. (Patterson v. Ellis, 11 Wend., 260,. and cases cited in the. opinions; Haig v. Swiney, 1 Simons & Stuart, 487; Smith v. Post, 2 Edwards’ Ch., 583.) That is this case. The Supreme Court were right in holding that the legatees took the remainder absolutely under the clause of the will under consideration. The plaintiff now claims that the judgment is defective for want of a provision declaring her entitled to what is given her by section 2 of chap, 157, p, 194, Laws of 1842, notwithstanding her acceptance of the annuity given her by the second clause of the wjll. This .annuity was given in lieu of dower. Dower can only be had of real estate, and has no connection with personal. Her acceptance of the annuity only bars her claim to be endowed of the real estate, and will not at all affect her right, arising upon any statute or from any other source, to the personal. I think the reason why a provision to this effect was not made by the Supreme Court, was that it does not very clearly appear from the submission that any question as to this was made by any one. Upon an appeal from a part of the judgment, the appellant may insist that some further provision should, be inserted therein, the same as upon an appeal from the entire judgment. To avoid *363 further litigation, it may be well to insert this provision, and, as thus modified, the judgment should be affirmed, without costs to either party;
All concur.
Judgment accordingly.